# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 08-CV-4978 (JFB)
_____

ANDRE L. LEWIS,

Petitioner,

VERSUS

PEOPLE OF THE STATE OF NEW YORK,

Respondent.

_____

**MEMORANDUM AND ORDER**
November 6, 2012
_____

JOSEPH F. BIANCO, District Judge:

Andre L. Lewis (hereinafter "Lewis" or "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the length of his post-release supervision. On March 8, 2006, Lewis pled guilty before County Court, Suffolk County, to one count of Attempted Criminal Sale of a Controlled Substance in the Third Degree. On April 5, 2006, petitioner was sentenced, as a second felony offender, to four years' imprisonment and three years of supervised release. Petitioner challenges his sentence on the grounds that the Department of Corrections improperly increased the length of his post-release supervision in violation of his bargained-for sentence. For the reasons stated below,

petitioner's request for a writ of habeas corpus is denied. Specifically, the petition is denied as moot because Lewis has completed his post-release supervision and alleges no collateral consequences from the allegedly lengthened sentence.

## I. BACKGROUND

Petitioner was charged under Suffolk County Indictment Number 2396-05 with Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Third Degree. Petitioner pled guilty on March 8, 2006 to one count of Attempted Criminal Sale of a Controlled Substance in the Third Degree. On April 5, 2006, petitioner was sentenced, as a second felony offender, to a determinate

term of four years' imprisonment, followed by three years of supervised release.

On October 30, 2008, petitioner filed in this Court his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. On March 30, 2009, respondent filed a response seeking dismissal of the petition on the grounds that petitioner had not exhausted his state court remedies. On May 5, 2011, the Court ordered respondent to advise the Court as to whether petitioner remained in custody. On June 27, 2011, respondent filed a letter with the Court indicating that petitioner's post-release supervision maximum expiration date was December 29, 2011. On January 27, 2012, the Court ordered petitioner and respondent to submit separate letters confirming whether petitioner had completed his post-release supervision and, if so, explaining why the petition should not be dismissed as moot. The January 27, 2012 Order mailed to plaintiff was returned as undeliverable on February 9, 2012. The respondent submitted a letter on April 5, 2012, confirming that petitioner was released from the supervision of the New York State Department of Parole on December 29, 2011 and requesting, as a result of this fact, that the petition be dismissed as moot.

## II. DISCUSSION

### A. "In Custody" Requirement

Petitioner brings the instant petition pursuant to 28 U.S.C. § 2241. The Second Circuit has explained that

> Section 2241 . . . is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

A federal court has jurisdiction to consider a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).[1] Thus, the petitioner must be "in custody" within the meaning of 28 U.S.C. § 2241. *See Scanio v. United States*, 37 F.3d 858, 860-61 (2d Cir. 1994) (denying a petition for writ of habeas corpus pursuant to 22 U.S.C. § 2255 because the petitioner failed to satisfy "in custody" requirement). *See also Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (explaining that relief is generally unavailable through a writ of habeas corpus when a petitioner seeks to challenge a prior conviction for which the person is no longer "in custody"). As the Third Circuit has noted, "custody is the passport to federal habeas corpus jurisdiction." *United States ex*

---

[1] Additionally, federal courts have jurisdiction over a writ pursuant to 28 U.S.C. § 2241 from a prisoner who is "in custody under or by color of the authority of the United States"; is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States"; "being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations"; or who must be brought "into court to testify or for trial." 28 U.S.C. § 2241(c).

2

*rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971).

Physical confinement is not necessary to satisfy the "in custody" requirement; for example, a petitioner who is on parole or serving a term of supervised release is considered to be "in custody" for purposes of federal habeas corpus statutes. *See Earley v. Murray* 451 F.3d 71, 75 (2d Cir. 2006). The custody requirement is also met where a prisoner attacks any one of a number of sentences, *see, e.g.*, *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), and when a prisoner attacks an earlier conviction, the effect of which was to delay the start of his current unrelated sentence, *see, e.g*, *Harrison v. Indiana*, 597 F.2d 115, 117 (7th Cir. 1979). Moreover, the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added). Specifically, the Supreme Court has held that even a liberal construction of the "in custody" requirement for purposes of federal habeas relief does not extend to the situation where, at the time the petition is filed, a "habeas petitioner suffers no present restraint from a conviction." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id*.

In the instant case, petitioner satisfies the "in custody" requirement because he was detained at Lakeview Shock Incarceration Correctional Facility at the time he filed his Section 2241 petition on October 30, 2008. However, that does not end the inquiry. The Court must still examine whether the petition is moot.

## B. Mootness

Federal courts are permitted to exercise jurisdiction only over cases "that present a live case or controversy." *Arias v. Donilli*, No. CV-03-4098(DGT), 2007 U.S. Dist. LEXIS 8452, 2007 WL 433402, at *12 (E.D.N.Y. Feb. 6, 2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The Supreme Court has explained that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57 (1968). "The Supreme Court has held that a habeas petition challenging a criminal conviction is not moot if the petitioner, although released from custody, may continue to suffer collateral consequences as a result of that conviction." *Garcia v. Woughter*, l:09-cv-7722 (GBD)(JCF), 2011 U.S. Dist. LEXIS 131504, 2011 WL 5519899, at *3 (S.D.N.Y. Nov. 14, 2011) (citing *Pollard v. United States*, 352 U.S. 354, 358 (1957)); *see also Agoro v. Herron*, No. 10-CV-1055(MAT), 2012 U.S. Dist. LEXIS 73312, at *5 (W.D.N.Y. May 25, 2012) ("Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based." (citation omitted)); *Garcia v. McCoy*, 97 Civ. 1131 (JGK), 1998 U.S. Dist. LEXIS 8053, at *2 (S.D.N.Y. June 2, 1998) ("Since the petitioner in this case has been released from prison, the Court can retain jurisdiction over his application only if [petitioner] also faces

adverse collateral consequences from the conviction for which he was imprisoned.").

The Supreme Court has been willing to presume the existence of collateral consequences following a conviction. *See Spencer*, 523 U.S. at 8. However, "'when a defendant challenges only an expired sentence, no . . . presumption [of collateral consequences] applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision.'" *Alshalabi v. United States*, 08 CV 2734 (RJD), 2012 U.S. Dist. LEXIS 29807, at *8 (E.D.N.Y. Mar. 6, 2012) (quoting *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011)). Furthermore, "where a habeas petitioner only challenges a sentencing enhancement, and not the underlying conviction itself, the court does not presume the existence of collateral consequences because comparable civil disabilities generally do not arise from the length of a sentence." *Al-Sadawi v. United States*, 08-CV-549 (NGG), 2011 U.S. Dist. LEXIS 25506, at *11 (E.D.N.Y. Mar. 14, 2011); *see Garcia v. Schultz*, No. 05-CV-2428 (BSJ) (MHD), 2009 U.S. Dist. LEXIS 126453, at *12-13 (S.D.N.Y. Jan. 13, 2010) (finding that a petitioner challenging only his sentence, who has already been discharged from parole, has "no injury that this court could remedy at this point, and any possible future adverse consequences that might flow from an arguably over long prison term necessarily would be purely speculative if not nonexistent"), *adopted by* 2010 U.S. Dist. LEXIS 32895 (S.D.N.Y. Apr. 2, 2010). Thus, where a petitioner has been released from custody, the burden is on the petitioner to establish that he continues to suffer collateral consequences from his conviction and sentence. *See Al-Sadawi*, 2011 U.S.

Dist. LEXIS 25506, at *12 (quoting *United States v. Hamdi*, 432 F.3d 115, 118 (2d Cir. 2005) ("[A] petitioner's challenge solely to the length of his completed sentence will only satisfy the constitutional case or controversy requirement if the petitioner can actually show 'some concrete and identifiable collateral effect of that sentence.'")); *see also Razzoli v. United States Parole Comm'n*, 116 F. App'x 292, 293 (2d Cir. 2004) ("Where, as here, a petitioner's habeas petition challenges parole revocation proceedings, his petition becomes moot when he is released from custody unless he is able to demonstrate collateral consequences stemming from the parole revocation proceedings."). Similarly, where "an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." *Agoro*, 2012 U.S. Dist. LEXIS 73312, at *6; *see Denis v. DHS/ICE of Buffalo N.Y.*, 634 F. Supp. 2d 338, 341 (W.D.N.Y. 2009) (Report and Recommendation) ("Because the only relief sought by [petitioner], and obtainable from this Court, was release from DHS custody, [petitioner's] habeas petition became moot upon his release under an order of supervision, which terminated his custodial detention."); *Baptiste v. INS*, 06-CV-0615 (NG), 2006 U.S. Dist. LEXIS 77084, at *5 (E.D.N.Y. Oct. 23, 2006) (holding that where petitioner was released pursuant to an order of supervision pending her removal, it was "clear that petitioner in the case at hand was challenging only the lawfulness of her detention" and "as a result of her release, [her] application for relief [was] moot").

In this case, the petition is moot because petitioner was released from post-release supervision on December 29, 2011, and does not allege that he suffers from any ongoing restraints on his liberty. The Court's January

27, 2012 Order seeking additional information regarding whether petitioner, having been released from prison on the conviction he was challenging and having completed his post-release supervision, could provide any reason why his petition should not be dismissed as moot, was returned as undeliverable on February 9, 2012. Respondent has not updated his address since he resided at Attica Correctional Facility and has not communicated with the Court since June 4, 2009.

Thus, petitioner has not alleged that he suffers from any adverse collateral consequences following his release from physical custody and the expiration of his post-release supervision. Accordingly, although the "in custody" requirement was met at the time petitioner filed the petition for habeas relief, the petition is moot and must be dismissed because petitioner is no longer subject to any "continuing restraints on his liberty, such as parole or some form of supervised release" and does not allege any adverse collateral consequences following his release from custody. *Whaley v. Graham*, 06-CV-3843 (JFB), 2008 U.S. Dist. LEXIS 82987, at *16 (E.D.N.Y. Oct. 15, 2008); *see Banks v. Gonzalez*, 496 F. Supp. 2d 146, 150 (D.D.C. 2007) (dismissing habeas petition as moot where "petition does not allege that he is currently subject to any restraints on liberty and does not allege government actions that are redressable under habeas"); *see also Spencer*, 523 U.S. at 3, 18 (dismissing habeas petition challenging the revocation of parole as moot because petitioner was released from custody and parole).

### III. CONCLUSION

For the foregoing reasons, Lewis's petition for a writ of habeas corpus is denied

as moot. The Second Circuit has never ruled on whether a certificate of appealability is required for a state detainee to challenge denial of habeas relief under 28 U.S.C. § 2241. *See Johnson v. New York*, 12-CV-03213 (RRM), 2012 U.S. Dist. LEXIS 96153, at *5-6 (E.D.N.Y. July 11, 2012); *Marte v. Berkman*, 11 Civ. 6082 (JFK), 2011 U.S. Dist. LEXIS 120132, at *28-29 (S.D.N.Y. Oct. 18, 2011), *aff'd Marte v. Vance*, 11-4486-cv, 2012 U.S. App. LEXIS 9480 (2d Cir. May 10, 2012). Assuming a certificate of appealability is required, it is denied to petitioner, because the petition is clearly moot and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

November 6, 2012
Central Islip, New York

* * *

Petitioner appears *pro se*. The attorney for respondent is Anne E. Oh, Suffolk County District Attorney's Office, 200 Centre Drive, Riverhead, N.Y. 11901.